**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4451**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

CLAYTON FULTZ,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:10-cr-00015-JPJ-1)

———————

Submitted:  March 26, 2013          Decided:  April 5, 2013

———————

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant.  Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clayton Fultz appeals his conviction and sentence following his guilty plea to conspiracy to possess with intent to distribute and to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2006), and using and carrying a firearm in relation to, and possessing in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006). Fultz's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning the reasonableness of Fultz's sentence. The Government has moved to dismiss the appeal as barred by Fultz's waiver of the right to appeal in the plea agreement. Fultz filed a pro se supplemental brief in which he contends that his guilty plea was entered into under duress, invalidating his appellate waiver. Fultz also asserts his innocence and requests that the court vacate his conviction for possessing a firearm in relation to a drug trafficking offense. We affirm in part and dismiss in part.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Fultz knowingly and voluntarily waived his right to appeal. Fultz's claim that his guilty plea was involuntary is squarely contradicted by the record. We also conclude that Fultz's challenge to the reasonableness of his sentence falls within the

2

scope of his waiver of appellate rights. Fultz's appellate waiver also encompasses his assertion of innocence as to the firearm conviction. We therefore grant in part the Government's motion to dismiss the appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record for non-waivable meritorious issues and have found none. Accordingly, we affirm as to any non-waivable issues.

This court requires that counsel inform Fultz, in writing, of the right to petition the Supreme Court of the United States for further review. If Fultz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fultz. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

3